UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VINCENT J DANISI II and EZ Scooter Repair Shop (a division of DANISI INC.),<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00083-RFB-CWH<br><br>**ORDER** |

Before the Court is Plaintiff's application to proceed in forma pauperis and complaint. ECF No. 1. For the reasons below, the Court dismisses the complaint and instructs the Clerk of Court to close this case.

Plaintiff filed the application and complaint on January 1, 2018. ECF No. 1. In his complaint, Plaintiff represents that he previously brought his claims before the Nevada state court. He alleges that the state court denied him an impartial hearing and a trial by jury.

This Court takes judicial notice of the Nevada state court dockets in case numbers A-15-719737-C and A-17-749327-C. Case number A-15-719737-C was filed by the State of Nevada on June 11, 2015, and the court entered judgment against Vincent Danisi on December 20, 2016. Case number A-17-749327-C was filed by Vincent Danisi on January 10, 2017, and the court entered judgment against Mr. Danisi on February 17, 2017.

Based on Plaintiff's representations in his complaint and the Court's review of the relevant state court dockets, the Court finds that it does not have subject matter jurisdiction in this case pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine applies to "cases brought

by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, Plaintiff complains of inadequate procedures in state court and requests that this Court review the merits of his underlying claim. But because this Court may not exercise appellate jurisdiction over state court judgments, this Court is jurisdictionally barred from considering Plaintiff's claim.

Plaintiff seeks to invoke this Court's jurisdiction pursuant to removal. But removal procedures may only be applied to pending state court actions. See 28 U.S.C. § 1446(a). Plaintiff's claims have been resolved in state court and therefore cannot be removed.

Therefore,

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is instructed to close this case.

DATED this 5th day of December, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**